IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN FEDARKO, | ) | CASE NO. 1:12 CV 1075 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Brian Fedarko, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Fedarko had severe impairments consisting of bipolar disorder (not otherwise specified), depressive disorder (not otherwise specified), anxiety disorder (not otherwise specified), post-traumatic stress disorder ("PTSD"), and personality disorder.[1] The ALJ determined that Fedarko did not have an impairment that met or equaled any of the

---

[1] Transcript ("Tr.") at 13.

listings in Appendix 1 of the regulations.[2] The ALJ made the following finding regarding

Fedarko's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of medium work with the following limitations: the claimant can lift and carry 30 pounds frequently and can carry 31 to 80 pounds occasionally; he can sit stand and walk 6 hours each out of an 8 hour day; he has no limitations on pushing or pulling or manipulative abilities; he is able to operate hand and foot controls; he is able to drive a motor vehicle and travel; he is able to climb stairs; the claimant's speech, hearing, memory, orientation, and attention are within normal range; he is able to understand, remember, and carry out simple tasks at an adequate persistence and pace; he is capable of interacting socially on a very infrequent and casual basis; he can work well independently; he can work in an environment with clear expectations and little changes in routine.[3]

Given that residual functional capacity, the ALJ found Fedarko capable of his past relevant

work as a failure analyst and a screen printer and, therefore, not under a disability.[4]

Based on an answer to a hypothetical question posed to the vocational expert at the

hearing setting forth the residual functional capacity finding quoted above, the ALJ made an

alternative finding that a significant number of jobs existed locally and nationally that

Fedarko could perform, further supporting the no disability decision.[5]

---

[2] *Id.* at 14.

[3] *Id.* at 16.

[4] *Id.* at 18.

[5] *Id.* at 18-19.

Fedarko asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. He presents two specific issues for review:

- The ALJ found that Fedarko's migraine headaches did not constitute a severe impairment at step two. Does substantial evidence support this finding?

- In finding that Fedarko's impairments did not meet or equal a listing at step three, the ALJ did not analyze or otherwise acknowledge the equivalency of Fedarko's migraine headaches to Listing § 11.03, relating to epilepsy. Did the ALJ commit reversible error by failing to perform and articulate about this analysis?

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

### 1.  Standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[7]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**2.      Assuming arguendo that the ALJ should have found Fedarko's migraine headaches a substantial impairment at step two, substantial evidence nevertheless supports the ALJ's finding at step three.**

The ALJ did not find that Fedarko's migraine headaches constituted a severe impairment at step two.[9] A neurologist, Darshan Mahajan, M.D., diagnosed Fedarko with chronic migraine without aura with mention of intractable migraine without mention of status

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[9] Tr. at 13.

-4-

migrainosus.[10] Dr. Mahajan issued a residual functional capacity opinion based on migraine.[11] There is a question as to whether Dr. Mahajan can be considered a treating source given that the record contains no notes except for an initial evaluation in June of 2009.[12] The ALJ gave little weight to Dr. Mahajan's opinion because the assessment was inconsistent with the doctor's observations and with the results of neurological testing.[13] As explained below, however, it will not be necessary to resolve whether Dr. Mahajan can be considered a treating physician and whether the ALJ gave the opinion sufficient weight.

Under the law of the Sixth Circuit as set out in *Maziarz v. Secretary of Health and Human Services*[14] and its progeny, failure of an ALJ to expressly find a particular impairment severe at step two is not reversible error if the ALJ proceeds beyond step two and adequately compensates for any limitations from that impairment in the disability analysis. For purposes of deciding this case, I will assume arguendo that the ALJ should have found migraine headaches a severe impairment and have treated it as such for purposes of the step three analysis challenged by Fedarko in his second issue.

At step three, Fedarko argues that the ALJ should have analyzed whether his migraine headaches were of such severity to equal the listing for epilepsy in § 11.03 of Appendix 1.

---

[10] *Id.* at 268.

[11] *Id.* at 269-70.

[12] *Id.* at 262-70.

[13] *Id.* at 18.

[14] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

He bases this argument on Social Security Administration Question & Answer 09-036, which directs that Listing § 11.03 is still the most analogous listing for considering medical equivalence of migraine headaches. Section 11.03 relates to epilepsy.

At the oral argument in this case, I discussed with counsel the Administration's practice of issuing written Questions & Answers and their origin and significance. Counsel for the Commissioner replied that the Administration issues these based on questions from the state agencies that make initial disability determinations. The Administration does so to give guidance to the state agencies on certain issues. Although internal communications between the Administration and the state agencies, the public may access these Questions & Answers on the Administration's website.

Fedarko did not argue Listing § 11.03 in the hearing before the ALJ. Rather, he argued that his impairments met or equaled Listing § 12.04.[15] Nor did he argue § 11.03 to the Appeals Council.[16]

The ALJ did not on his own, without the prompting of Fedarko, discuss § 11.03 in his step three analysis. He did, however, go beyond the section Fedarko argued, § 12.04, and also analyzed §§ 12.06 and 12.08.[17] The ALJ provided extensive analysis and articulation at step three over approximately two pages.[18]

---

[15] Tr. at 54.

[16] *Id.* at 6-7.

[17] *Id.* at 14-16.

[18] *Id.*

I most recently discussed the issue of whether the ALJ has a duty to undertake a listing analysis at step three for every impairment found severe at step two in my report and recommendation in *Makan v. Commissioner of Social Security*.[19] Makan argued for a bright-line rule that would require the ALJ to undertake a listing analysis for every impairment found severe at step two. Such a bright-line rule would, in the context of this case, have required the ALJ to do a listing analysis on § 11.03 for migraine headaches, even though Fedarko did not bring that listing to the ALJ's attention.

In *Makan*, I concluded that no such bright-line rule existed. Relying on the decisions in *Reynolds v. Commissioner of Social Security*, *Bacon v. Astrue*, and *Malone v. Commissioner of Social Security*,[20] where the claimants did not argue specific listing sections at the administrative hearing, I affirmed the ALJ's step three finding as supported by substantial evidence, based upon the report of a state agency reviewing physician.[21]

Here, Fedarko did not argue an impairment equal to the requirements of § 11.03, and the record contains the reports of state agency reviewing physicians indicating that Fedarko

---

[19] *Makan v. Comm'r of Soc. Sec.*, No. 5:12 CV 31, 2012 WL 7688148 (N.D. Ohio Dec. 26, 2012). Although Judge Gaughan did not adopt my recommendation to affirm the decision of the Commissioner, Makan's counsel did not object to my recommendation at step three and, therefore, that recommendation was not affected by Judge Gaughan's ultimate decision.

[20] *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411 (6th Cir. 2011); *Bacon v. Astrue*, No. 1:11CV1805, 2012 WL 3112366 (N.D. Ohio July 31, 2012); and *Malone v. Comm'r of Soc. Sec.*, 507 F. App'x 470 (6th Cir. 2012).

[21] *Makan*, 2012 WL 7688148, at *4-5.

did not meet or equal a listing.[22] The ALJ's finding, at step three, should, therefore, be affirmed.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Fedarko had no disability. Accordingly, the decision of the Commissioner denying Fedarko disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.


Dated: September 24, 2013                          s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

---

[22] Tr. at 56-59.